Paul G. Gardephe (admitted *pro hac vice*)
Peter C. Harvey
Nicolas Commandeur (admitted *pro hac vice*)
Catherine A. Williams (admitted *pro hac vice*)
PATTERSON, BELKNAP, TYLER & WEBB LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
*Attorneys for ESPN, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------x
                                    :
CHARLES E. HUMPHREY, JR.,            :   No. 06 Civ. 02768 (DMC)(MF)
                                    :
                Plaintiff,           :
                                    :
        v.                           :   **ORAL ARGUMENT REQUESTED**
                                    :
VIACOM INC., CBS CORPORATION, CBS    :   **Return Date: December 11, 2006**
TELEVISION NETWORK, SPORTSLINE.COM,  :
INC., THE WALT DISNEY COMPANY, ESPN, :
INC., THE HEARST CORPORATION, VULCAN,:
INC., VULCAN SPORTS MEDIA and THE    :
SPORTING NEWS,                       :
                                    :
                Defendants.          :
                                    :
------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ESPN, INC.'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

1328850v1

# TABLE OF CONTENTS

Page

ARGUMENT ............................................................................................................. 1

I. It Is Appropriate to Dispose of This Case On a Motion to Dismiss ............... 2

II. Dismissal Is Warranted Because Plaintiff Cannot State a Claim Under New Jersey Law ................................................. 4

    A. Plaintiff Seeks Relief Under a Statute That Concerns Only "Bets" or "Wagers," and Cannot Survive This Motion to Dismiss by Alleging That ESPN's Leagues Are "Gambling" ................................................. 5

    B. As a Matter of Law, Entry Fees In Games Like Fantasy Sports Leagues Are Not Bets or Wagers ................................. 7

III. Dismissal Is Warranted Because Plaintiff Has Not Pled the Elements of a Claim Under N.J.S.A. 2A:40-6, Much Less the Elements of the Statutes of Seven Other Jurisdictions ......................................................... 10

IV. If the Court Reads the Complaint as Seeking Relief Under the Statutes of Eight Jurisdictions, the Court Should Abstain ........................................................................................ 13

CONCLUSION ........................................................................................................ 15

# **TABLE OF AUTHORITIES**

                                                            Page

**CASES**

Colorado River Water Conservation District v. Akin,
    424 U.S. 800 (1976)................................................................................. 13

DM Research Inc. v. College of American Pathologists,
    170 F.3d 53 (1st Cir. 1999)...................................................................... 12

Fitzgerald v. Schloss,
    33 Vroom 472, 41 A. 677 (N.J. 1898).......................................... 2, 11, 13

Glick v. MTV Networks,
    796 F. Supp. 743 (S.D.N.Y. 1992) ............................................................ 3

Johnson v. Collins Entertainment Co., Inc.,
    199 F.3d 710 (4th Cir. 1999) .............................................................. 14, 15

Las Vegas Hacienda, Inc. v. Gibson,
    359 P.2d 85 (Nev. 1961)............................................................................ 8

Lucky Calendar Co. v. Cohen,
    117 A.2d 487 (N.J. 1955) ...................................................................... 6, 7

Moses v. Lower Merion School District,
    132 F.3d 902 (3d Cir. 1997) ...................................................................... 2

Shack v. Dickenshorst,
    14 Gummere 120, 122 A. 436
    (N.J. Court of Errors and Appeals, 1923)................................................. 2

State v. America Holiday Association, Inc.,
    151 Ariz. 312, 727 P.2d 807 (Ariz. 1986)................................................. 2

Toomey v. Penwell,
    76 Mont. 166, 245 P. 943 (Mont. 1926).................................................... 3

Vinson v. Casino Queen, Inc.,
    123 F.3d 655 (7th Cir. 1997) ..................................................................... 3

1328850v1

**TABLE OF AUTHORITIES con't**

<u>Page</u>

Zabady v. Frame,
   22 N.J. Super. 68, 91 A.2d 643 (App. Div. 1952) .......................... 2, 10, 11

### STATUTES

Act to Prevent Gaming, February 8, 1797
   New Jersey Session Laws, Legislature 21, 149-151 .................................. 6

Act for Suppressing of Lotteries, February 13, 1797
   New Jersey Session Laws, Legislature 21, 166-167 .................................. 6

Federal Rule of Civil Procedure 12(b)(6) ........................................................ 1

N.J.S.A. 2A:40-1 ............................................................................................ 5

N.J.S.A. 2A:40-5 ............................................................................................ 5

N.J.S.A. 2A:40-6 ......................................................................................... 4, 5

N.J.S.A. 2A:40-8 ......................................................................................... 4, 5

Defendant ESPN, Inc. ("ESPN") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

Plaintiff's opposition to ESPN's motion to dismiss is an exercise in building up straw men and knocking them down. He argues at length that fantasy sports are games of chance, not skill, even though ESPN has not raised that as a basis for its motion. He argues that fantasy sports meet all of the elements of a lottery, even though he has not sued under the statutes governing lotteries. While focusing on these irrelevant issues, Plaintiff ignores the fundamental deficiencies in the Complaint cited by ESPN. He has not alleged – nor can he in good faith allege – the necessary jurisdictional prerequisites to state a claim pursuant to the statute he *did* sue under (N.J.S.A. 2A:40-6), including that entry fees paid to participate in ESPN's fantasy sports leagues are "bets," "wagers" or "stakes."

To the extent Plaintiff cites any legal authority, he continues to rely almost exclusively upon New Jersey law. Yet Plaintiff refuses to confirm that his Complaint is limited to the New Jersey statute. Insofar as the Complaint can be read to assert a claim under the laws of all eight different jurisdictions mentioned in the Complaint, this Court should decline Plaintiff's invitation to make law for

1328850v1

seven states and the District of Columbia and to declare that a pastime enjoyed by millions is illegal. The Complaint should be dismissed.[1]

I. **IT IS APPROPRIATE TO DISPOSE OF THIS CASE ON A MOTION TO DISMISS**

This Court can dispose of this case on a motion to dismiss without considering or deciding any fact questions and taking as true the few facts alleged in Plaintiff's Complaint.[2] Contrary to Plaintiff's argument (Op. Br. at 2-3)[3], courts have granted motions to dismiss presenting the same issues raised by ESPN's motion – whether Plaintiff has adequately pleaded a claim under N.J.S.A. 2A:40-6, and whether he can do so in good faith. *E.g.*, *Zabady v. Frame*, 22 N.J. Super. 68, 70, 91 A.2d 643 (App. Div. 1952) (dismissal of complaint under predecessor statute to N.J.S.A. 2A:40-6 was proper due to failure to state a claim); *Shack v. Dickenshorst*, 14 Gummere 120, 122, 122 A. 436, 436 (N.J. Court of Errors and Appeals, 1923) (same); *Fitzgerald v. Schloss*, 33 Vroom 472, 474, 41 A. 677 (N.J. 1898) (same); *State v. Am. Holiday Ass'n, Inc.*, 151 Ariz. 312, 727 P.2d 807, 809, 812 (Ariz. 1986) (*en banc*) (affirming dismissal of indictment on ground that entry

---

[1] ESPN also asks this Court to dismiss the non-New Jersey claims, to the extent the Court finds Plaintiff has asserted those claims, because Plaintiff has also failed to plead the statutory prerequisites under those statutes. See ESPN's Memorandum of Law in Support of its Motion to Dismiss (hereafter, "Br.") at 36-39.
[2] The Court need not credit the allegations that are merely "bald assertions" or "legal conclusions." *Moses v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).
[3] Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss is cited herein as "Op. Br."

2

fee in question was not bet or wager); *Toomey v. Penwell*, 76 Mont. 166, 245 P. 943, 945 (Mont. 1926) (affirming dismissal of complaint for failure to state a claim because, as a matter of law, a promise to pay an entry fee to run a horse in a race with a guaranteed prize was not a gambling transaction).

The decisions cited by Plaintiff (Op. Br. at 3) do not support his argument that the issues presented here cannot be decided on a motion to dismiss. To the contrary, in *Vinson v. Casino Queen, Inc.*, 123 F.3d 655, 657 (7th Cir. 1997), although the parties apparently styled their motions as ones for summary judgment, the district court dismissed the complaint on the ground that the plaintiff could not, as a matter of law, state a cause of action under the Illinois *qui tam* statute – a decision that the Seventh Circuit affirmed. *Id.*, 123 F.3d at 656-57. That is precisely what ESPN asks the Court to do here. And in *Glick v. MTV Networks*, 796 F. Supp. 743 (S.D.N.Y. 1992), the court dismissed the case pre-discovery at the motion-to-dismiss stage. *Id.*, 796 F. Supp. at 744 n.3. The *Glick* court converted MTV's dismissal motion into one for summary judgment because MTV supported its motion with matters outside the pleadings. *Id.* In contrast, ESPN has not submitted any such matters in support of its motion and has assumed, for purposes of the motion, that Plaintiff's factual allegations are true.

In his opposition brief, Plaintiff pretends that ESPN has asked this Court to decide a question of fact: whether ESPN's fantasy sports leagues are

3

games of skill rather than chance. (*See, e.g.*, Op. Br. at 10-12.) ESPN has done no such thing. The only questions at issue here are: (1) whether Plaintiff has adequately pleaded the elements of N.J.S.A. 2A:40-6, and (2) whether, as a matter of law, he could ever do so in good faith, given the clear case law establishing that set entry fees in games offering guaranteed prizes are not bets or wagers. Because he has not and cannot plead the elements of N.J.S.A. 2A:40-6, this Court, following the *Zabady*, *Shack*, *Fitzgerald*, *American Holiday* and *Toomey* courts, should dismiss the Complaint.

## II. DISMISSAL IS WARRANTED BECAUSE PLAINTIFF CANNOT STATE A CLAIM UNDER NEW JERSEY LAW

The fatal flaw in Plaintiff's Complaint and opposition brief is his failure to address the limited scope of activity covered by the statute under which he seeks relief. New Jersey's statutory scheme distinguishes between: (1) betting and wagering, and (2) lotteries. Plaintiff seeks relief under N.J.S.A. 2A:40-6, the statute concerning betting and wagering – presumably because it potentially allows for a much more lucrative recovery to the *qui tam* plaintiff than the lottery statute.[4] Because Plaintiff cannot satisfy the elements of the betting and wagering statute, his argument (and his allegations) are drawn entirely from the statute and case law

---

[4] N.J.S.A. 2A:40-6, the statute covering betting/wagering, allows a *qui tam* plaintiff to recover half of the total amount lost in the gambling enterprise. On the other hand, N.J.S.A. 2A:40-8, the statute covering lotteries, caps the *qui tam* plaintiff's recovery at $20 per illegal lottery, plus costs.

concerning lotteries. This law has no applicability here, however, because Plaintiff has not sued under the lottery statute.

ESPN has shown that courts considering whether entry fees *are bets or wagers* have held that they are not when games like ESPN's fantasy sports leagues – games with set, unconditional entry fees offering guaranteed prizes not dependent on the number of participants – are at issue. (Br. at 22-28.) Since ESPN has shown that as a matter of law, Plaintiff cannot plead an essential element of a claim under N.J.S.A. 2A:40-6 – *i.e.*, that he seeks recovery of money lost through betting or wagering – the Complaint should be dismissed with prejudice.

### A. Plaintiff Seeks Relief Under a Statute that Concerns Only "Bets" or "Wagers," and Cannot Survive this Motion to Dismiss by Alleging that ESPN's Leagues are "Gambling"

Under N.J.S.A. 2A:40-5 and 2A:40-6, a gambling loser and – six months after the loss – a *qui tam* plaintiff – may sue to recover money lost in violation of N.J.S.A. 2A:40-1, which prohibits placing any "bet," "wager" or "stake." Thus, as suggested by its title – "Informer action to recover money or property lost at gaming" – N.J.S.A. 2A:40-6 provides only for the recovery of money lost through a specific subset of gambling activity – "gaming" – that involves placing bets or wagers.

That betting/wagering is a subset of gambling activity, different from lotteries, is made clear by the fact that a separate statute – N.J.S.A. 2A:40-8 –

5

provides for a *qui tam* action to penalize the operators of lotteries.[5] This distinction between gaming and lotteries has been a part of New Jersey's statutory scheme since the first gambling loss recovery statutes were passed in 1797. *See* Act to Prevent Gaming, February 8, 1797, ¶¶ 4-5, *at* New Jersey Session Laws, Legislature 21, 149-151 (providing for *qui tam* action to recover money lost "by playing at cards ... or other games, or by betting ... at cock-fighting, or other sport or pastime"); An Act for Suppressing of Lotteries, February 13, 1797, ¶ 2, *at* New Jersey Session Laws, Legislature 21, 166-167 (providing for *qui tam* action to recover a penalty from any person who operates a lottery).

Plaintiff seeks relief under the betting and wagering statute, N.J.S.A. 2A:40-6, not the lottery statute, N.J.S.A. 2A:40-8. Accordingly, the lottery case law Plaintiff cites is irrelevant. For example, Plaintiff's primary argument in opposition to this motion to dismiss (Op. Br. at 7-9) is that he has alleged that ESPN's fantasy sports leagues involve "gambling" as described in *Lucky Calendar Co. v. Cohen*, 117 A.2d 487, 488 (N.J. 1955), a case that dealt solely with New Jersey's now-repealed Lottery Act, N.J.S.A. 2A:121-6. The issue in that case was

---

[5] N.J.S.A. 2A:40-8 provides: "No person shall, within this state, . . . erect, set up, open, make or draw any lottery prohibited by the laws of this state; and any person so doing shall forfeit, for each such offense, a penalty of $2,000, to be recovered with costs in a civil action by any person who shall sue for the same. Of each and every penalty recovered . . . there may be appropriated a portion, which shall not exceed 1% of such penalty, to be assessed by the jury hearing the cause, or by the court if the cause be determined without a jury, to the informer, and the residue of such penalty . . . shall be appropriated to the use of the county in which the action for the recovery thereof shall have been prosecuted."

whether a certain promotional advertising scheme constituted a "lottery" for purposes of the Lottery Act. *Id.*, 117 A.2d at 493-94. The mantra Plaintiff repeats in his Complaint and opposition brief – "prize, chance and consideration" (Op. Br. at 2, 7-9) – is the *Lucky Calendar* court's definition of a lottery. *Id.* This case does not concern a lottery. Consequently, *Lucky Calendar* is simply irrelevant.

Because the "prize, chance, consideration" test is irrelevant here, Plaintiff's argument that fantasy sports leagues are games of chance (Op. Br. at 10-12) is merely a distraction. Although ESPN denies that fantasy sports leagues are games of chance, this Court need not reach this issue in deciding ESPN's motion. The threshold question for this Court is whether unconditional entry fees paid to play games such as ESPN's – where a fixed prize is offered by a game promoter who does not compete for the prize – are "bets" or "wagers."[6] Because they are not, this action must fail.

### B. As a Matter of Law, Entry Fees In Games Like Fantasy Sports Leagues Are Not Bets or Wagers

As explained in ESPN's moving brief, courts have consistently held that an entry fee is not a "bet" or "wager" where three conditions are satisfied: (1) the entry fee is a set amount that is paid unconditionally; (2) the prize amount is guaranteed to be paid out, and does not depend on the number of entrants; and (3)

---

[6] Plaintiff's argument that ESPN is a "winner" in the same way that a bookmaker is a winner (Op. Br. 16-17) is similarly a distraction because it incorrectly presumes that those entry fees constitute bets or wagers.

7

the party offering the prize is not also competing for it. (Br. at 22-28.)

Plaintiff cites no law to the contrary. Instead, he claims – incorrectly – that the case law cited by ESPN is inapplicable because it applies only to games of skill. (Opp. Br. at 13.) To the contrary, none of the decisions cited by ESPN turn on whether the activity in question is a game of skill or chance. Indeed, courts have made clear that the question whether the money awarded is a bona fide prize (as opposed to a bet or wager) can be determined without deciding whether the outcome of the game is determined by skill or chance. *See Las Vegas Hacienda, Inc. v. Gibson*, 359 P.2d 85, 87 (Nev. 1961) ("Whereas we have concluded that the contract does not involve a gaming transaction [because there is no bet or wager], consideration of . . . [whether] the shooting of a 'hole in one' was a feat of skill . . . becomes unnecessary.").

Plaintiff's argument that the distinction between "bets" and "entry fees" is meaningless in the context of a lottery (Op. Br. at 14) is similarly unavailing. As shown above, a separate statutory scheme governs lotteries. Plaintiff has chosen not to sue under the lottery statutes. ESPN denies that its fantasy sports leagues are lotteries, but even if Plaintiff could show that the entry fee paid to participate in a fantasy sports league should be considered a fee paid to purchase a lottery ticket, that is not the same as showing that the entry fee is a "bet" or "wager." And it is only by showing that the entry fee is a "bet" or "wager" that

8

Plaintiff can state a claim under N.J.S.A. 2A:40-6.

Finally, Plaintiff makes a nonsensical argument that the entry fees for ESPN's fantasy sports leagues are bets or wagers because the prizes in ESPN's leagues "are based on the number of players/teams in a given league." (Op. Br. at 15.)[7] Based on Plaintiff's own allegations, that is simply not the case. According to Plaintiff: (i) there must be a predetermined number of teams in the league in order for any of the players to be eligible for a prize (Op. Br. at 15; Cmplt. ¶ 46); (ii) if a league has that precise number of teams, the guaranteed prize (a T-shirt or banner worth $15) is awarded to one of the players (Op. Br. at 16; Cmplt. ¶ 38); and (iii) if the league does not have the required number of teams, the players are not eligible for any prize (Op. Br. at 15-16). Plaintiff does not claim, nor could he, that the amount of the prize varies with the number of players, as it would in a traditional case of betting or wagering, where each player would put up a stake and the winner would claim the entire pool.

Because Plaintiff cannot show that the entry fees for ESPN's fantasy sports leagues are "bets" or "wagers" – or, indeed, that they are anything other than a fee paid for the use of ESPN's internet and data services – he cannot state a claim under N.J.S.A. 2A:40-6, and the Complaint should be dismissed with prejudice.

---

[7] In making this argument and others, Plaintiff implies that all Defendants' fantasy sports leagues function in an identical fashion. That is not the case. For instance, ESPN does not have different entry fee tiers for its fantasy sports leagues. *Cf.* Op. Br. at 4 (stating that the "higher the payment to participate in certain of Defendants' leagues . . . the higher the prize payout").

9

### III. DISMISSAL IS WARRANTED BECAUSE PLAINTIFF HAS NOT PLED THE ELEMENTS OF A CLAIM UNDER N.J.S.A. 2A:40-6, MUCH LESS THE ELEMENTS OF THE STATUTES OF SEVEN OTHER JURISDICTIONS

Dismissal is also warranted because Plaintiff has not pleaded *any* of the elements that are statutorily required to state a claim under N.J.S.A. 2A:40-6. This failure precludes the Court from exercising jurisdiction in this matter. The Complaint does not identify any specific loss due to a bet or wager, and therefore does not meet the requirement of New Jersey courts that every "essential element" of the statute be pleaded. *Zabady*, 22 N.J. Super. at 70, 91 A.2d 643.

Plaintiff's opposition brief does nothing to remedy the Complaint's deficiencies. Instead of attempting to show that he has met the applicable pleading requirements, Plaintiff incorrectly states that ESPN's argument is "largely based on disputed factual contentions regarding the services they claim to provide . . . rather than a challenge to the sufficiency of the pleading itself." (Op. Br. at 2; *see also* Op. Br. at 6.) To the contrary, ESPN relied on the description of its fantasy sports leagues contained in the Complaint (Br. at 4-6), not on the fact that fantasy sports participants receive a variety of services in exchange for their entry fees. And ESPN provided a detailed description of the Complaint's insufficiencies, showing that Plaintiff had not pled required elements including: that any individual lost a "wager" or "bet" to ESPN by paying an entry fee; that such an individual failed to

10

sue within six months of losing the bet; and that Plaintiff sued within six months of the expiration of that individual's time to sue. (Br. at 19-22.)

Plaintiff does not bother to address the longstanding New Jersey case law establishing that a plaintiff suing to recover a bet or wager is "legally bound" to show with "clearness and certainty" that his case is "within the statute." *Fitzgerald*, 33 Vroom at 474, 41 A. 677 (deciding case brought under predecessor to N.J.S.A. 2A:40-6). Nor does Plaintiff respond to ESPN's argument that New Jersey's pleading requirements must be strictly enforced particularly where, as here, the plaintiff is a third party with no connection to (and apparently no actual knowledge of) the alleged betting or wagering losses, and seeks a windfall recovery in the context of an activity that no court has ever found to constitute gambling. *See, e.g.*, *Zabady*, 22 N.J. Super. at 70, 91 A.2d 643 (applying modern notice pleading standards but nonetheless holding that every "essential element" of the statute must be pleaded).

Plaintiff likewise does not dispute that New Jersey courts have held that the time elements of the statute – that the loser did not sue within six months of the loss, and that the *qui tam* plaintiff is suing within six months of the expiration of the loser's time to sue – are essential and must be pleaded. *Id.*, 22 N.J. Super. at 70. Plaintiff does not dispute that he failed to make such an

allegation or that he failed to make such allegations as to any of the other statutes he cites in his Complaint, all of which also have time requirements. (Br. at 12, 36.)

Further, Plaintiff does not dispute that he failed to plead other essential elements of the non-New Jersey statutes he cites, including that certain statutes' minimum loss requirements are met. Instead, he incorrectly argues that a minimum loss requirement "is simply a matter of damages." (Op. Br. at 19.) But South Carolina and Illinois, for instance, explicitly allow recovery only of losses of $50.00 or more. (Br. at 29.) Given that Plaintiff alleged that the per-team entry fee for ESPN's leagues ranges from $13.99 to $29.95 (Cmplt. ¶¶ 19, 37), he cannot dispute on this motion that those fees do not meet the required minimums.

Plaintiff has failed to identify *any* allegations in his Complaint that pertain to the actual elements of the statutes under which he purports to seek recovery. In light of that failure, Plaintiff's argument that some specific information concerning the identity of league participants may be more readily ascertained by ESPN than by Plaintiff (Op. Br. at 18-19) does not justify allowing this case to proceed so that Plaintiff can go on a "fishing expedition." *DM Research Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55-56 (1st Cir. 1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome."). Given that New Jersey courts have not hesitated to dismiss

12

1328850v1

complaints that are far more detailed than Plaintiff's, *see, e.g., Fitzgerald*, 41 A. 677, dismissal is warranted here.

### IV. IF THE COURT READS THE COMPLAINT AS SEEKING RELIEF UNDER THE STATUTES OF EIGHT JURISDICTIONS, THE COURT SHOULD ABSTAIN

In his opposition brief, Plaintiff does not attempt to demonstrate that he has stated a claim under the statutes of the eight jurisdictions mentioned in the Complaint. If this Court nonetheless finds that Plaintiff is seeking to bring a claim under eight different state statutes, it should abstain from hearing the case and deciding as a matter of first impression a question that impacts a key area of state policy: whether an activity constitutes illegal gambling.

Notwithstanding Plaintiff's suggestion to the contrary (Op. Br. at 19-20), the Supreme Court recognized the vitality of the *Thibodaux* abstention doctrine in *Colorado River Water Conservation District v. Akin*, 424 U.S. 800 (1976).[8] The *Colorado River* court described *Thibodaux* abstention as applying in cases that concern "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Id.*, 424 U.S. at 815-16. As the Fourth Circuit has held, a case that requires first-impression interpretation of a state gambling statute, and that could change what activities are legal under a state's gambling statutes, presents precisely the

---

[8] In fact, *Colorado River* recognized the *Thibodaux* doctrine as one of "three general categories" where abstention was appropriate. *See* 424 U.S. at 814-15.

13

1328850v1

type of difficult question impacting state policy that warrants abstention. *See Johnson v. Collins Entm't Co., Inc.*, 199 F.3d 710, 719-26 (4th Cir. 1999).

Plaintiff incorrectly argues that because the "states have elected not to set policy" explicitly with respect to fantasy sports leagues, this Court's decision would not affect a state policy or regulatory scheme. (Op. Br. at 22.) As established in *Johnson*, however, this Court's decision would indeed affect state gambling policy and regulation because it could alter the scope of what is considered illegal gambling activity. In *Johnson*, a key issue was "the meaning of [a] $125 payout limit" in a South Carolina video poker statute. *Id.* The court's interpretation of that statutory provision would change the scope of what video poker businesses were legal in South Carolina. *Id.* Therefore, the Fourth Circuit held that the interpretation of the statute presented such a "basic problem of South Carolina public policy" that the federal district court should not attempt to predict how state courts would resolve the issue. *Johnson*, 199 F.3d at 720.

If Plaintiff seriously seeks to have this Court decide for seven states and the District of Columbia whether paying to participate in fantasy sports leagues constitutes illegal gambling, abstention would be even more appropriate here than in *Johnson*. As in *Johnson*, the Court would be required to interpret as a matter of first impression state gambling statutes to determine whether their scope includes offering fantasy sports leagues with entry fees and prizes, an activity that

14

has not been challenged by state officials in any of the relevant jurisdictions. As in *Johnson*, the Court's decision could change the scope of legal business activity – but here, the Court's decision would apply not just to one state but to seven states and the District of Columbia. Therefore, this Court should abstain and dismiss the Complaint rather than set policy for eight different jurisdictions. *See Johnson*, 199 F.3d at 720 (also noting that "[t]he question of how best to regulate gambling activity is . . . one to which different states can arrive at different answers based on their different experiences"); *see also* Br. at 34 n.19 (citing other cases where federal courts abstained from deciding questions concerning gambling statutes).[9]

## CONCLUSION

For the reasons stated above, and for all the reasons set forth in ESPN's moving brief, ESPN respectfully requests that the Court dismiss the Complaint with prejudice for failure to state a claim.

Dated:  December 4, 2006

        PATTERSON BELKNAP
        WEBB & TYLER LLP
        1133 Avenue of the Americas
        New York, New York 10036-6710
        (212) 336-2000

        By: _____
             Peter C. Harvey

        Attorneys for Defendant ESPN, Inc.

---

[9] There is no evidence that the few federal courts that have decided cases under the cited *qui tam* statutes (Op. Br. at 24-25) were asked to abstain.